## VAZQUEZ *v.* GARCIA.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 147.—Resuelto en Octubre 31, 1904.

DIVORCIO—ABANDONO.—El abandono que como causa de divorcio reconoce el art. 164 del Código Civil, no solamente debe durar por un término mayor de un año, sino que debe estar acompañado de circunstancias tales que demuestren la voluntad decidida y firme de uno de los cónyuges de separarse para siempre del otro cónyuge y romper el vínculo matrimonial existente entre ambos.
ID.—Si de las pruebas del caso no aparecieran justificados los extremos á que se refiere el párrafo anterior, la demanda de divorcio debe ser desestimada.

Los hechos están expresados en la opinión
Abogado del apelante: *Sr Freyre Barbosa.*
Abogado del Pueblo: *Sr. Rossy, Fiscal.*
La parte apelada no compareció.

EL JUEZ ASOCIADO SR. MACLEARY emitió la opinión del Tribunal.

La presente es una demanda de divorcio establecida por

el marido, el recurrente ante esta Corte, contra su esposa, recurrida· La demanda alega que en primero de Agosto de 1889, en la Iglesia Parroquial de Catedral, de la Ciudad de San Juan, se unieron en matrimonio el citado Luis Vazquez Ruiz con Doña María Garcia Marien. Que la vida matrimonial siguió su curso natural, sin que el menor disgusto turbara la paz conyugal, hasta el año 1901, cuando el demandante se encontraba con su esposa accidentalmente en la Ciudad de la Habana, ocurrió la desaparición de su citada esposa, no solamente de su domicilio, sino de la Ciudad, y jamás ha regresado al domicilio de su esposo, y que ignora éste, en absoluto, donde se encuentra. Que el demandado, en los primeros momentos de ese injustificado abandono, creía que su esposa hubiera regresado á San Juan, donde reside su familia, y él á su vez hizo viaje á ésta, en donde ha permanecido desde el año de 1901, sin que resultara cierta la suposición que hizo. De aquí la demanda sigue consignando las varias leyes estatutarias con respecto al divorcio, y súplica á la Corte de Distrito que se verifique la citación y emplazamiento por medio de un periódico, ó de cualquier otro modo que á la Corte le parezca.

En la vista de la causa, en 11 de Julio de 1903, declararon dos testigos en cuanto á los hechos, en los mismos términos de la demanda, y se presentó como prueba un certificado del matrimonio. Se señaló el día ocho del mismo mes para dictar sentencia, y la Corte dictó la siguiente:

*Sentencia.*—En la Ciudad de San Juan de Puerto Rico, á los once días del mes de Julio de mil novecientos tres. Vistos en juicio oral y público estos autos declarativos seguidos por Don Luis Vazquez Ruiz, dirigido y representado por el abogado Don Luis Freyre Barbosa, contra Doña Maria Dolores García Marien, declarada en rebeldía, sobre divorcio.

1°. *Resultando:* que el abogado Don Luis Freyre Barbosa, en representación de Don Luis Vazquez Ruiz, en dos de Febrero del año corriente, presentó demanda de divorcio contra Doña Maria Dolores

García Marien, con quien él se habia unido en matrimonio en 10 de Agosto del año de 1889, según la transcripción del acta de matrimonio que acompañó á la demanda, fundándola en el hecho de que en el año 1901, hallándose el marido y su esposa, accidentalmente, en la Ciudad de la Habana, desapareció la esposa del domicilio conyugal y de aquella Ciudad y jamás ha regresado al domicilio de la parte demandante, que ignora en absoluto donde ella se encuentra, y alegando como fundamento de derecho, el abandono como causa de divorcio.

2º. *Resultando*: que admitida la demanda, citado el Fiscal, publicada cédula de citación en el periódico que se edita en esta Capital, bajo el nombre de "El Boletin Mercantil" correspondiente al 10 de Febrero último, no compareció la demandada; y decretado el segundo emplazamiento y publicada la cédula en el "Heraldo Español" del día 28 de Febrero último, fué entonces declarada en rebeldía la demandada, y citadas las partes para la proposición de pruebas, compareció solamente el demandante, proponiendo las que convinieron.

3º. *Resultando*: que celebrado el juicio oral en su día, declararon los testigos Luis Abella Blanco y Juan Nadal Santa Coloma; que estando los dos esposos accidentalmente en la Habana en el año 1901 desapareció la esposa; que el marido creyó que ella se habría venido para San Juan y vino aquí en su busca, habiéndose enterado todo el mundo del hecho.

4º. *Resultando*: que se ha cumplido con las prescripciones de la Ley de Procedimiento en este caso.

1º. *Considerando*: que si bien el abandono del marido por la esposa constituye causa de divorcio, es también elemento esencial del abandono la salida del hogar conyugal con la intención definitiva en que la parte persiste de no volver jamás, durante el término de un año.

2º. *Considerando*: que no resulta prueba directa ni indirecta, de que Doña Maria Dolores García Marien se separara de su marido con la intención de no volver más, pues apreciando las pruebas bajo una crítica racional, la desaparición de la mujer no implica necesariamente el abandono de su marido, pudiendo explicarse por haberle' ocurrido cualquier accidente durante una ausencia momentánea.del lado de su marído, que le impidiera reunirse con él durante cierto tiempo, no pudiendo verificarlo después por haberse ausentado éste de la Habana.

3º. *Considerando*: que las pruebas practicadas no bastan para convencer el juicio sano de un juzgador racional.

*Fallamos*: que debemos declarar y declaramos sin lugar la demanda con las costas al actor''.

Habiéndose interpuesto recurso de apelación para ante esta Corte Suprema, de la causa se dió traslado al Fiscal, quien en esa época era el Hon. Emilio del Toro, y él presentó su informe, en el cual consigna los hechos y las proposiciones legales aplicables á la misma, y dá como su opinión la siguiente:

''La única cuestión á resolver en el presente caso es la de si debe entenderse ó no que ha existido abandono del marido por parte de la mujer. En la misma demanda se consigna que encontrándose el actor con su esposa accidentalmente en la Habana, desapareció de allí su referida esposa, sin que haya jamás vuelto á encontrarla. Sobre este hecho es que se aduce prueba y en realidad de verdad ese hecho no es constitutivo del abandono que se requiere para que pueda decretarse, bajo la base del mismo, el divorcio. Es necesario que conste de una manera manifiesta la voluntad de abandonar, y en el presente caso solo consta que la esposa desapareció sin que conste el motivo de ello, y si entramos en el terreno de las suposiciones, lo mismo podemos suponer que la esposa abandonó voluntariamente el hogar con la deliberada intención de no volver más á él, como que la referida esposa ha sido y es víctima de algún accidente desconocido, que la ha obligado á vivir separada de su hogar legítimo''.

Como resultado de una consideración debida de esta causa, aparece claramente que la demanda de divorcio se hubiera desestimado si se hubiera interpuesto una excepción prévia á la demanda en general, pues de la misma aparece que no se alega causa suficiente para decretar el divorcio.

La única base ó fundamento que pretende alegar el abogado defensor, para que sea decretado este divorcio, es el de abandono, bajo el estatuto, según se consigna en la sección 164, párrafo 5 del Código Civil, la que á la letra dice así:

''El abandono de la mujer por su marido ó del marido por su mujer por un término de un año.

El desaparecimiento de la mujer, sin explicación alguna,

no podría considerarse abandono, porque el abandono ha de continuar no solamente un año, sino ha de acompañarse por circunstancias que demuestren la intención de no regresar jamás á su lado, sino de vivir separadamente del esposo abandonado. La palabra abandono se define por los lexicógrafos de la manera siguiente: "El acto del marido ó de la mujer que se separa de su esposo ó esposa voluntariamente, y con la intención de causar una separación perpétua." El Tribunal Supremo de Indiana dice que la palabra *abandono*, en el sentido en que se usa en el estatuto bajo el cual fué establecido el presente procedimiento, puede definirse como "Un acto voluntario, separándose de la esposa (ó del esposo) con la intención de causar una separación palpable entre las partes, y que implica el actual abandono de la esposa por el esposo, ó *vice versa*." (60 Indiana 269.)

En vista de que no hay evidencia ninguna en el presente caso que demuestre, por inferencia ó de otro modo, el motivo del desaparecimiento de la esposa, ó que indique intención alguna por parte de ella, de efectuar una separación perpétua, ó de vivir permanentemente separada de su marido, la Corte de Distrito hizo bien al no decretar el divorcio, y la sentencia de dicha Corte debe confirmarse.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados, Hernández, Figueras y Wolf.